IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH CORBETT, | : | |
| Plaintiff, | : | Case No. 3:11-cv-339 |
| vs. | : | |
| | | JUDGE WALTER HERBERT RICE |
| BENEFICIAL OHIO, INC. d/b/a | : | |
| BENEFICIAL MORTGAGE CO. | | |
| OF OHIO, *et al.*, | : | |
| Defendants | : | |

---

DECISION AND ENTRY SUSTAINING LPS DEFENDANTS' MOTION TO
DISMISS COMPLAINT (DOC. #6); OVERRULING IN PART AND
SUSTAINING IN PART HSBC DEFENDANTS' MOTION TO DISMISS
(DOC. #10)

---

Plaintiff Joseph Corbett filed suit in state court against Beneficial Ohio, Inc.,
d/b/a Beneficial Mortgage Co. of Ohio, HSBC Bank, USA, N.A., Kimberly M.
Graves, Shari A. Kearly, HSBC Consumer and Mortgage Lending, Inc., and HSBC
Holdings PLC (collectively, the "HSBC Defendants"). Also named as defendants
are Becky North, Shoua Moua, and LPS Default Solutions, Inc. (collectively, the
"LPS Defendants").

Corbett's claims arise out of botched foreclosure proceedings involving real
property located in Xenia, Ohio. Claims include wrongful foreclosure, fraud, theft
and attempted theft, violations of the Ohio Consumer Sales Practices Act, and

violations of the federal Fair Debt Collection Practices Act.

The LPS Defendants, with the consent of the HSBC Defendants, removed the case to federal court based on diversity jurisdiction and federal question jurisdiction.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), both sets of defendants have now moved to dismiss Corbett's Complaint for failure to state a claim upon which relief can be granted.

## I. Background and Procedural History

On April 21, 2001, Joseph Corbett borrowed $80,500 from Key Bank. Along with the promissory note, he executed a mortgage, granting Key Bank a security interest in a six-unit apartment building located at 789 East Market Street in Xenia, Ohio. By an Assignment of Mortgage, Key Bank assigned its interest to Champion Mortgage Company, Inc., a subsidiary of Key Bank. Then, in November of 2006, the loan was sold to Defendant HSBC Holdings PLC. An official of Champion Mortgage executed an Assignment of Mortgage, assigning the security interest in the 789 East Market Street property to Beneficial Ohio, Inc. d/b/a Beneficial Mortgage Co. of Ohio ("Beneficial Ohio"), a subsidiary of HSBC Holdings PLC ("HSBC"). Compl. ¶¶12-17.

Thereafter, Corbett defaulted on the loan. On August 27, 2007, Beneficial Ohio filed a complaint in foreclosure, asking the Greene County Common Pleas

---

[1] Corbett is an Ohio resident, the HSBC Defendants are New York residents, and the LPS Defendants are Florida residents.

2

Court to grant judgment against Corbett. Beneficial Ohio also asked the court to reform the April 21, 2001, mortgage on the grounds of "scrivener's error" and "mutual mistake of fact." It maintained that the security interest should be attached not to the six-unit apartment building located at 789 East Market Street, but rather to Corbett's home, which was located at 725 East Main Street in Xenia, Ohio. Compl. ¶18.

In connection with that foreclosure action, on September 24, 2007, HSBC employee Kimberly Graves executed a "Corrective Assignment of Mortgage," which was notarized by fellow HSBC employee Shari Kearly. It was recorded in the Greene County Recorder's Office as a lien against Corbett's home at 725 East Main Street in Xenia. Although Graves was employed as an Assistant Vice President ("AVP") of HSBC Mortgage and Lending, Inc. (formerly known as HSBC Mortgage Corp. (USA)), she signed the Corrective Assignment of Mortgage as "AVP of Champion Mortgage, a division of Key Bank, NA." Compl. ¶¶20-21.

Beneficial Ohio moved for summary judgment in the foreclosure action. In support of that motion, it attached the February 15, 2008, affidavit of Defendant Becky North, an employee of LPS Default Solutions, Inc. North executed the affidavit as an "attorney in fact" of HSBC Bank USA, the holder of Corbett's note and mortgage.[2] She stated that Corbett's account had been delinquent since

---

[2] Either Beneficial or HSBC had granted LPS Default Solutions a Power of Attorney. Compl. ¶26.

December of 2006, and that the mortgage contained a scrivener's error. According to North, the security interest was intended to attach to Corbett's real property located at 725 East Main Street, rather than to his real property located at 789 East Market Street. Compl. ¶¶24-25. North's affidavit was notarized by Defendant Shoua Moua, another LPS employee. Compl. ¶28. Corbett maintains that when North robo-signed the affidavit, she had no personal knowledge of his account records or of the original note and mortgage, and no personal knowledge of the alleged scrivener's error. Compl. ¶27.

The Greene County Common Pleas Court granted Beneficial Ohio's motion for summary judgment, entered a decree in foreclosure, and reformed the mortgage as requested, attaching the security interest to Corbett's residence at 725 East Main Street instead of his six-unit apartment building at 789 East Market Street. Compl. ¶29.

A sheriff's sale of Corbett's residence was scheduled for December 11, 2008. The sale was stayed because Corbett filed a Chapter 7 bankruptcy petition on December 10, 2008. Compl. ¶¶30-31. On December 23, 2008, Beneficial Ohio filed a motion for relief from the stay. In his response brief, Corbett acknowledged that he had granted a security interest in the property located at 789 East Market Street, but denied that Beneficial Ohio had a valid lien against the property located at 725 East Main Street. Beneficial Ohio subsequently withdrew its motion for relief from the stay. Compl. ¶¶ 32-34.

Corbett obtained a bankruptcy discharge in May of 2009. In October of 2010, Beneficial Ohio reactivated proceedings and, in December of 2010, filed a Notice of Sheriff's Sale. Compl. ¶¶35-37. That sale was canceled after Corbett filed a motion to vacate the judgment. In February of 2011, while that motion was still pending, Corbett asked Beneficial Ohio to produce documents proving its entitlement to a security interest in 725 East Main Street, but received no response. On March 9, 2011, Beneficial Ohio, apparently acknowledging the error, filed a motion to set aside the judgment and dismiss the foreclosure complaint. The court issued an entry of dismissal on March 11, 2011, setting aside the judgment and decree of foreclosure and order of sale. Compl. ¶¶ 38-43.

Corbett filed suit on August 25, 2011, alleging wrongful foreclosure, numerous counts of fraud, theft and attempted theft, and violations of Ohio's Consumer Sales Practices Act and the federal Fair Debt Collection Practices Act. He seeks compensatory damages, punitive damages, attorneys' fees and costs, along with an order canceling the "Corrective Assignment of Mortgage," recorded at Volume 2771, Page 271 of the mortgage records of the Greene County Recorder's Office.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the HSBC Defendants and the LPS Defendants have filed motions to dismiss for failure to state a claim upon which relief can be granted.

## II.     Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail.  *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (citing *Scheuer v. Rhodes*, 4l6 U.S. 232, 236 (1974)).  The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

If there is an absence of law to support the type of claim made, or if the facts alleged are insufficient to state a valid claim, or if on the face of the complaint there is an insurmountable bar to relief, dismissal of the action is proper. *Little v. UNUMProvident Corp.*, 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).  A complaint need not set down in detail all the particularities of a

plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A formulaic recitation of the elements of a cause of action" is not enough). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949-50. The factual allegations must show more than a possibility that the defendant acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer*, 4l6

U.S. at 236; *Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004); *Mayer*, 988 F.2d at 638.  The court will indulge all reasonable inferences that might be drawn from the pleading.  *See Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997).  However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); *Lewis*, 135 F.3d at 405.

III.    **Analysis**

Although the HSBC Defendants and the LPS Defendants have filed separate motions to dismiss, many of their arguments overlap.  The Court will therefore address the arguments count-by-count.

A.    **Wrongful Foreclosure**

Count 1 of the Complaint asserts a claim of wrongful foreclosure against "Beneficial Ohio Inc. d/b/a Beneficial Mortgage Co. of Ohio, c/o HSBC Bank USA, N.A., on its own behalf and on behalf of HSBC Bank USA, N.A. as a division of or subsidiary of HSBC Bank USA, N.A., and on behalf of HSBC Holdings PLC as a division of or subsidiary of HSBC Holdings PLC."  Corbett maintains that Beneficial Ohio had no legal entitlement to a security interest in his home, and no legal basis for filing the foreclosure complaint.  Compl. ¶¶46-48.

Beneficial Ohio argues that Corbett's wrongful foreclosure claim must be dismissed because it was a compulsory counterclaim that had to be asserted, if at

8

all, in the state foreclosure action. Ohio Rule of Civil Procedure 13(A) provides that, "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

"The purpose of Civ. R. 13, much like the doctrine of res judicata, is to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action." If a party fails to assert a compulsory counterclaim, he or she is barred from litigating it in a subsequent action. *Forney v. Climbing Higher Enters., Inc.*, 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, at ¶12.

Corbett impliedly concedes that his wrongful foreclosure claim arose out of the same transaction or occurrence as the state foreclosure action, and that he failed to assert it. He argues, however, that because the state court judgment was vacated, it has no preclusive effect and does not bar his wrongful foreclosure claim.[3] The Court agrees.

---

[3] Corbett also argues that the doctrine of *res judicata* does not apply because the issues raised in his Complaint in this case were not actually litigated and decided in the state court action. In doing so, he confuses the concepts of issue preclusion and claim preclusion.

Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice that, according to docket sheet from the Greene County foreclosure action, Case No. 2007CV0796, Corbett never filed a "pleading" as that term is defined in Federal Rule of Civil Procedure 7(a). Rather, Beneficial Ohio filed a motion for default judgment, followed by a motion for summary judgment. The court granted Beneficial Ohio's unopposed motion for summary judgment, and entered a decree in foreclosure. That judgment was later vacated at Corbett's request.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Ohio courts have held that compulsory counterclaims that a defendant should have asserted in an action in which default judgment was granted are barred by the doctrine of claim preclusion, or *res judicata*, in a subsequent suit. *See Astar Abatement, Inc. v. Cincinnati City Sch. Dist. Bd. of Educ.*, No. 1:11-cv-587, 2012 WL 481799, at *6 (S.D. Ohio Feb. 14, 2012) (citing *Broadway Mgmt., Inc. v. Godale*, 55 Ohio App.2d 49, 49-50, 378 N.E.2d 1072 (1977)).

Had the state court judgment in this case not been vacated, this Court would agree that Corbett's wrongful foreclosure claim would be barred by *res judicata*. However, "[i]t is well established that when a judgment has been vacated, reversed, or set aside on appeal, it is thereby deprived of all conclusive

10

effect, both as res judicata and as collateral estoppel." *State v. Baron*, 156 Ohio App.3d 241, 2004-Ohio-747, 805 N.E.2d 173, at ¶18 (citing *Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212, 1215 (6th Cir.1989)). Because there is no legal basis for dismissing Count 1 of the Complaint, the wrongful foreclosure claim, on *res judicata* grounds, the Court OVERRULES the HSBC Defendants' motion to dismiss this claim.

### B.    Fraud Claims

Counts 2 through 14 of the Complaint assert numerous claims of "aggravated and egregious fraud" against various defendants. Compl. ¶¶50-78.

Corbett alleges that Beneficial Ohio engaged in fraud by: (1) claiming scrivener's error and mutual mistake of fact in asking the court to reform the mortgage, and knowingly authorizing, participating in and ratifying the actions or omissions of its agents and employees (Count 2); (2) filing the false "Corrective Assignment of Mortgage;" (Count 5); (3) filing its motion for summary judgment, supported by North's affidavit, in its attempt to obtain a reformation of the mortgage (Count 8); (4) asking the state court to schedule a sheriff's sale of Corbett's residence (Count 11); (5) filing a motion for relief from stay in bankruptcy court so that the sheriff's sale could proceed (Count 12); (6) causing the state court to reactivate the foreclosure proceedings to pursue the sheriff's sale (Count 13); and (7) allowing a cloud of title, in the form of the "Corrective Assignment of Mortgage," to remain as a lien in the mortgage records of the Greene County

11

Recorder's Office against Corbett's home (Count 14).

Corbett also alleges that HSBC employee Kimberly Graves engaged in fraud when she signed the "Corrective Assignment of Mortgage," falsely representing herself as an "AVP of Champion Mortgage" (Count 3), and that HSBC employee Shari Kearly engaged in fraud by notarizing Graves' affidavit, knowing that Graves was not an AVP of Champion Mortgage (Count 4).

In addition, Corbett alleges that LPS Default Solutions, Inc., employee Becky North engaged in fraud when she signed an affidavit, submitted in support of the motion for summary judgment, falsely stating that she had personal knowledge of the alleged "scrivener's error" or "mutual mistake" concerning which property was subject to the mortgage (Count 6), and that LPS Default Solutions, Inc., employee Shoua Moua engaged in fraud when she notarized North's affidavit knowing that North had no personal knowledge of the statements contained therein (Count 9). Corbett further alleges that LPS Default Solutions, Inc. engaged in fraud by knowingly employing North and Moua as robosigners to facilitate foreclosures on behalf of Beneficial Ohio, and knowingly authorizing, participating in, and ratifying their actions (Counts 7 and 10).

A plaintiff asserting a claim of fraud must plead the following elements:

(1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the

12

reliance.

*Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, at ¶27.

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." At a minimum, this requires a plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (citation omitted).

Defendants argue that Corbett's fraud claims must be dismissed because he has failed to satisfy Rule 9's heightened pleading standards, and has failed to make even *conclusory* allegations concerning all of the required elements of fraud. The Court agrees on both accounts.

Corbett's Complaint is completely devoid of *any* allegations that Defendants made the statements at issue with the intent to mislead another into relying on them. The Court notes that the statements at issue were contained in documents filed with the Greene County Common Pleas Court, and submitted in support of Defendants' request that the court reform the mortgage, issue a judgment of foreclosure, and schedule a sheriff's sale. If Defendants made the statements with the intent to mislead *anyone*, it would have been the court, not Corbett.

13

In order to succeed on a claim of fraud, the statements at issue must be directed toward the alleged victim. "[A] party is unable to maintain an action for fraud where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interests." *Marbley v. Metaldyne Co.*, 9th Dist. No. 21377, 2003–Ohio–2851, at ¶ 26. Nor is a fraud claim sustainable when a plaintiff "alleges that a third party relied on misrepresentations made by a defendant and that he suffered injury from that third party's reliance." *Id.* (quoting *Hahn v. Wayne Cty. Children Services* (May 9, 2001), 9th Dist. No. 00CA0029, 2001 WL 489959, at *2. Because Corbett has failed to identify any statements that Defendants made with the intent to mislead *him*, he cannot prevail on his fraud claim.

Defendants also argue that Corbett has not alleged, and cannot prove, that he justifiably relied on the statements at issue. The record shows that far from relying on Defendants' statements, Corbett challenged them in state court, denying that Beneficial Ohio had a valid security interest in his residence, and filing a motion to vacate the judgment and decree of foreclosure. Defendants maintain that Corbett's actions foreclose a finding of reliance. *See Canterbury v. Columbia Gas of Ohio*, No. C2-99-1212, 2001 WL 1681132, at *12 (S.D. Ohio Sept. 25, 2001) (holding that plaintiff who disputed her gas bill and refused to pay it could not establish that she was induced to take any action to her detriment).

14

In response, Corbett acknowledges that he did not expressly plead justifiable reliance. He nevertheless argues that his reliance upon the statements at issue may be inferred "from his actions in not contesting the original foreclosure complaint or in not contesting the affidavit submitted in conjunction with the motion for summary judgment in the foreclosure action." Doc. #13, at PAGE ID #132. He contends that he did not initially defend against the suit because he knew that he was in default on his note and that Beneficial Ohio had a security interest in his property. He maintains that once he learned of the alleged robosigning and fraud, he moved to have the judgment vacated.

In support of this argument, Corbett cites to *Morgan v. Graham*, 228 F.2d 625 (10th Cir. 1956). In *Morgan*, the plaintiff, who was injured in an auto accident, filed suit against the insurance company that he believed had issued a policy to the tortfeasor. The president of the company submitted a verified answer which falsely stated that no such policy existed. In reliance on this statement, the plaintiff voluntarily dismissed the suit. When the alleged fraud was discovered, the plaintiff sued the insurance company for fraud. The court found that the plaintiff had justifiably relied on the false statement in voluntarily dismissing the first suit. *Id.* at 628.

*Morgan* is easily distinguishable. The statement at issue in that case was directed at Morgan, and made with the intent to mislead him so that he would dismiss his suit. In contrast, the statements at issue in this case were directed at

15

the court.  In addition, unlike Morgan, who had no personal knowledge of whether the suspected insurance policy actually existed and had to rely on the statements of the insurance company's representative, Corbett is charged with knowledge of the terms and conditions of the mortgage he executed in connection with the promissory note.  He knew or should have known that he had granted a security interest in the six-unit apartment building and not in his residence.  Under the circumstances presented here, it cannot be said that he justifiably relied on Defendants' statement that the parties intended the security interest to attach to his personal residence instead.

Finally, Defendants argue that Corbett has failed to specifically allege what damages he suffered as a result of the alleged fraud.  Instead, he seeks a general award of damages against all Defendants "for loss of value to his home, other financial damages, emotional stress, [and] emotional distress."  Doc. #4, at PAGE ID##68-69.  Defendants also argue that Corbett suffered no compensable damages because, while he may have been inconvenienced, he still owns and occupies the property at issue, having convinced the court to vacate the judgment and cancel the sheriff's sale.

Corbett denies that his allegations of proximate cause and damages are insufficient, and argues that the fact that he still owns the property does not foreclose an award of damages.  In the alternative, he requests leave to file an amended complaint to cure any deficiencies.

Leave to amend must be freely given when justice so requires. Fed. R. Civ. P. 15(a). Nevertheless, leave to amend should be denied if the amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). Such is the case here. The major issue, in the Court's view, is that the statements identified by Corbett were not directed at him. Even if the court relied on those statements and Corbett was injured as a result, this does not give rise to a cause of action for fraud. Amending the Complaint will not cure this defect. In addition, because Corbett is charged with knowledge of the security interest he granted in connection with the promissory note, he cannot show that he justifiably relied on Defendants' statements. In short, Corbett has failed to state a claim upon which relief can be granted and amendment would be futile. The Court therefore SUSTAINS Defendants' motion to dismiss the fraud claims (Counts 2-14) and OVERRULES Corbett's request for leave to amend his Complaint with respect to these claims.[4]

### C. Theft and Attempted Theft

Count 15 of the Complaint alleges that Defendants' conduct amounted to theft and attempted theft for which Corbett is entitled to damages pursuant to

---

[4] Defendants have also argued that the claims against Graves, Kearly, and the LPS Defendants, based on their conduct in executing and notarizing the allegedly false affidavits filed in the foreclosure action, are barred by the witness immunity doctrine. Claims of perjury cannot form the basis of a civil lawsuit, whether that false testimony is presented live in court or submitted to a court in the form of an affidavit. *Grimm v. Wickman*, 8th Dist. No. 96508, 2011-Ohio-3991, at ¶8. Having found that Corbett's fraud claims must be dismissed on other grounds, the Court does not reach this argument.

Ohio Revised Code § 2307.61. Compl. ¶80. That statute permits property owners who bring a civil action under Ohio Revised Code § 2307.60(A) to "recover damages from any person . . . who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property." Ohio Rev. Code § 2307.61(A).

Defendants argue that Ohio does not recognize a civil cause of action for theft or attempted theft of real property.[5] The Court agrees. The theft offenses set forth in Ohio Revised Code § 2913.01 clearly relate only to the theft of *personal* property, *e.g.*, burglary, robbery, breaking and entering, safecracking, forgery, passing bad checks, misuse of credit cards. None involves the wrongful taking of *real* property. *See* Ohio Rev. Code § 2913.01(K). The Court therefore SUSTAINS Defendants' motion to dismiss Count 15 of the Complaint.

### D.    Consumer Sales Practices Act

Count 16 of the Complaint alleges that Beneficial Ohio violated Ohio's Consumer Sales Practices Act ("CSPA"). Compl. ¶82. That Act, however, applies only to "consumer transactions." Ohio Revised Code § 1345.01(A) specifically excludes transactions between financial institutions, "dealers in intangibles" and their customers from the definition of a "consumer transaction." In *Zanni v. Stelzer*, 174 Ohio App.3d 84, 2007-Ohio-6215, 880 N.E.2d 967, ¶12, the court

---

[5] In the alternative, Defendants again argue that these claims were compulsory counterclaims that should have been asserted, if at all, in the context of the foreclosure action.

held, "under the plain language of the CSPA, one who engages in the business of buying or selling mortgages qualifies as a 'dealer in intangibles' and is exempt from the Act."

Beneficial Ohio argues that Corbett's CSPA claim must be dismissed because Beneficial Ohio is a "dealer in intangibles" and therefore not subject to liability under the CSPA. Corbett concedes as much. The Court therefore SUSTAINS the motion to dismiss Count 16 of the Complaint.

### E.    Fair Debt Collection Practices Act

Count 17 of the Complaint alleges that Beneficial Ohio violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Compl. ¶84. Beneficial Ohio argues that this claim must be dismissed because the FDCPA applies only to "debt collectors" and Beneficial Ohio is not a "debt collector" as that term is defined in the statute.[6] The FDCPA provides as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The term does not include "(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;" or "(F) any person collecting or attempting to collect any debt owed or due or

---

[6] In the alternative, Beneficial Ohio urges dismissal because Corbett has not specifically identified what conduct constitutes a violation of the FDCPA.

asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . ." 15 U.S.C. § 1692a(6)(A) and (F).

Courts have held that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Beneficial Ohio maintains because it was a creditor and because Corbett's debt was not in default at the time it was assigned, Beneficial Ohio cannot be deemed a "debt collector" subject to liability under the FDCPA.

In response, Corbett relies on a portion of the FDCPA's definition of "debt collector" that expands the scope of that term as follows: "[f]or the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). In turn, 15 U.S.C. § 1692f sets forth various conduct that constitutes an unfair debt collection practice, including "(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6).

Corbett maintains that Beneficial Ohio's conduct in drafting, executing and recording the "Corrective Assignment of Mortgage" constitutes the taking of "non-judicial action" to effect dispossession or disablement of his (Corbett's) residence without any enforceable security interest in that property. Corbett therefore argues that Beneficial Ohio is a "debt collector" as that term is defined in the FDCPA.

The Court finds that Corbett's reliance on §1692f(6) is misplaced for two reasons. First, subsection 1692(f)(6) applies only if Beneficial Ohio's "principal purpose" is "the enforcement of security interests." In the Court's view, this language clearly applies to repossession companies, but not to mortgage companies like Beneficial Ohio. Although mortgage companies may occasionally take action to enforce their security interests when a debtor defaults on a loan, this is not the "principal purpose" of their business. Second, the only "nonjudicial action" cited by Corbett is the drafting, executing, and recording of the Corrective Assignment of Mortgage. Standing alone, the recording of such a document does nothing to "effect dispossession . . . of property." Absent a judgment of foreclosure and a court order, Beneficial Ohio would not be entitled to proceed with a sheriff's sale.

The Court therefore finds that Beneficial Ohio is not a "debt collector" as defined in the FDCPA, and is not subject to liability under that Act. Accordingly, the Court SUSTAINS Beneficial Ohio's motion to dismiss Count 17 of the Complaint.

IV.    **Conclusion**

For the reasons set forth above, the Court SUSTAINS the Motion to Dismiss filed by LPS Default Solutions, Inc., Becky North, and Shoua Moua (Doc. #10). Plaintiff's claims against those defendants are DISMISSED WITH PREJUDICE.

The HSBC Defendants' Motion to Dismiss (Doc. #6) is OVERRULED IN PART and SUSTAINED IN PART.  Count 1 of the Complaint, the wrongful foreclosure claim, remains pending against Defendant Beneficial Ohio.  All other Counts asserted against the HSBC Defendants are DISMISSED WITH PREJUDICE.  The Clerk shall terminate Defendants Kimberly Graves and Shari Kearly as parties to this action.

Date: March 14, 2012

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record